# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GREGORY WALKER JOHNSON, | : | |
| Plaintiff, | : | Case No. 3:08cv00461 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| LEVI STRAUSS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.  INTRODUCTION

Plaintiff Gregory Walker Johnson brings this case *pro se* alleging that he is the creator and first to invent a dual hip cell phone pocket and CD player pocket with a closure located in the hip, top thigh, and middle thigh area of clothing for men and women. (Doc. #2 at 6). He asserts that he is a copyright and a design patent holder and that he has seen clothing with the pockets he designed for sale in at least one department store. *Id*. at 6-8. Johnson seeks an Order stopping Defendants from using his pocket design and requiring them to wait for his permission. *Id*. at 8. He notes that he is willing to give a few Defendants a license, but he first wants them to pay him financial damages. *Id*.

The case is presently before the Court upon Defendants Columbia Sportswear, Inc.; Sean John Clothing, Inc.; Target Corporation, Iconix Brands, Inc.; Phillips-Van Heusen Corporation; and Bon-Ton Stores, Inc.'s (Defendants') Motion to Dismiss and

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Motion in the Alternative for a More Definite Statement and attached Exhibits (Doc. #34), Plaintiff's Response and attached Exhibits (Doc. #40), Defendants' Reply and attached cases (Doc. #41), Defendants' Notice of Supplemental Authority (Doc. #50), and the record as a whole.

**II.    JOHNSON'S COMPLAINT**

Johnson's Complaint is not a model of clarity; it is, however, somewhat understandable. He alleges, "I am the creator and first to invent a cell phone pocket and CD player pocket with closure ... located on the hip for clothing and top thigh area and middle thigh area on each side for men and women." (Doc. #2 at 6). Towards the end of the Complaint, Johnson characterizes himself as "the copyright and design patent holder...," *id*. at 8, referring doubtlessly to the cell phone pocket and CD player pocket he mentioned earlier in the Complaint.

Johnson alleges that on December 7, 2007 he saw a newspaper advertisement by a department store (Elder Beermans) for Izod slacks containing a cell phone pocket. (Doc. #2 at 6). He further alleges that when he went to the department store, he "saw Levi Strauss, Columbia Sportswear and BonTon products, Ruff Hewn also had infringement as well." *Id*.

At this point the Complaint becomes more difficult to understand. When construed liberally in his favor, Johnson alleges that certain individuals (Gerald Evans, Karen Spitz, Jerry Jinkerson) knew that he was the owner and/or inventor of the cell phone pocket. He further alleges that he offered Levis Strauss and others a license to use his cell phone pocket. And he alleges that he sent prototypes to "all these companies," *id*. at 7, which included Levi Strauss and others, *see id*. at 6-7. Johnson apparently did not agree to license his cell phone pocket or CD player pocket with any of the Defendants. *See id*.

Johnson states that he wants "the Court to stop them from further using my pocket design. I am willing to give a few of these companies a license but first I want them to

pay financial damages to me.... Then we can take it from there in terms of who actually gets a license and who cannot obtain a license. I'd like every company to stop now and wait for my permits as the copyright and design patent holder." (Doc. #2 at 8).

Johnson further states, "I want $2,917,609,755.00 in financial compensation total from all these companies. $15.00 a unit wholesale at Jeans a 194,507,317 client base of Americans." (Doc. #2 at 8). Attached to the Complaint is a document with the heading, "ROYALTY PROJECTION: Combined Cell Phone and CD Player Pouch." This document appears to be the source of Johnson's request for such a large amount of financial compensation because it states "$2,917,609,755.00" under the category of "Gross Sales" based on a "client base" of 194,507,317 and a "unit price" of $15. (Doc. #2, Exhibit A).

## III. MOTIONS TO DISMISS

### A. Applicable Standards

To determine whether a Complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, __U.S. at __, 129 S.Ct. at 1950.

### B. Conversion To Summary Judgment

"If, on a motion under Rule 12(b)(6)..., matters outside the pleadings are presented to and note excluded by the court, the motion must be treated as one for summary judgment Rule 56. All parties must be given a reasonable opportunity to present all material made pertinent to the motion." Fed. R. Civ. P. 12(d).

> Exceptions to this rule, however, do exist. For example, since copies of written instruments attached as exhibits to a pleading are a part of that pleading for all purposes, Fed. R. Civ. P. 10(c), the court may consider any documents that the plaintiff has attached to the complaint. The court may also consider documents that a defendant attaches to a motion to dismiss if the documents are referred to in the complaint and are central to Plaintiff's claims. *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997). In addition, the court may consider public records and matters of which a court may take judicial notice. *See Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds, Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *New England Health*

*Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003).

*Clark v. Walt Disney Co.*, __ F.Supp.2d __, __, 2009 WL 1850191 at *5 (S.D. Ohio 2009)(Holschuh, D.J.).

IV. ANALYSIS

    A. **Introduction**

Defendants correctly presume that this case involves both copyright and patent law. (Doc. #34 at 7). Construing the Complaint liberally in Johnson's favor, he attempts to state two claims: copyright infringement and patent infringement.

Although Johnson does not specifically identify the copyright registration number or patent number for the cell phone pocket or CD player pocket he invented, the United States Copyright Office records contain a copyright registration number in Plaintiff's name – Reg. No. VA0001627691 – titled "Hip Hop Cell Phone and CD Player Pocket," dated September 11, 2007. *See* Doc. #34, Declaration of Mary R. True. Exhibit B. The United States Patent and Trademark Office records identify Plaintiff as the inventor of "an ornamental design for a combined cell phone and CD player pouch." *Id.*, Exh. D. On March 14, 2006, the PTO issued a Design Patent for Plaintiff's invention, Patent No. US D516,802 S, titling it, "COMBINED CELL PHONE AND CD PLAYER POUCH." *Id.*

Consideration of the above documents does not require converting Defendants' Motion to Dismiss into a Motion for Summary since the documents are matter of public record and are central to the allegations and claims asserted in Johnson's Complaint. *See Clark*, __ F.Supp.2d at __, 2009 WL 1850191 at *5 (and cases cited therein). Johnson, moreover, has not objected to Defendants' reliance on these and other documents in support of their Motion to Dismiss; he instead submits numerous documents of his own in opposition to Defendants' Motion to Dismiss. Johnson has also not indicated that the

5

public records upon which Defendants rely are not authentic or that any prejudice will befall him by the Court's consideration of such public records.

**B.     Copyright Infringement**

"To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyrighted creation, and that the defendant copied it." *Jones v. Blige*, 558 F.3d 485, 490 (6th Cir. 2009).

The Court accepts as true, based on the allegations of the Complaint and the existence of U.S. Copyright No. VA0001627691, that Johnson is the owner of this copyright, which is titled "Hip Hop Cell Phone and CD Player Pocket."

Defendants contend that Johnson's Complaint fails to state a claim for copyright infringement because a copyright registration for a drawing of a functional object – like Johnson's cell phone pocket or CD player pocket – does not protect the functional design of the object or the physical object itself.

"Copyright protection subsists ... in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.  Works of authorship included ... pictorial, graphic, and sculptural work...."  17 U.S.C. §102(a)(5).  The Copyright Act defines the phrase "pictorial, graphic, and sculptural work" to include the following:

> two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, technical drawings, including architectural plans.  Such works shall include works of artistic craftsmanship insofar as their form <u>but not their mechanical or utilitarian aspects</u> are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. §101 (emphasis added). The phrase "useful article" refers to "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information...." *Id*.

Accepting Johnson's factual allegations as true and construing the Complaint liberally in his favor, it fails as a matter of law to identify a copyrightable work. The Complaint generally identifies the copyrighted subject as a cell phone pocket and CD pocket. The only arguable detail Johnson provides relates to its function and location. He states that the cell phone and CD player pockets contains a closure and is "located on the hip for clothing and top thigh area and middle thigh area with two pockets on each side for men and women." (Doc. #2 at 6). The Complaint does not provide any allegation from which it could be inferred that the cell phone pocket contained any original pictorial, graphic, or sculptural work. *See id*. at 6-8. Without such allegations, the Complaint allows the reader only to picture the location and function of the cell phone pocket; it otherwise forces the reader to speculate or imagine what pictorial, graphic, or sculptural work it contained. Because the Complaint requires such speculation, it contains insufficient facts to show that Defendants' cell phone pockets or CD player pockets coopted Johnson's copyright, thus failing to raise a plausible claim of copyright infringement. *See Iqbal*, __U.S. at __, 129 S.Ct. at 1949 (A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting in part *Twombly*, 127 S.Ct. at 1955)).

This omission is especially problematic due to the functional nature of Johnson's cell phone and CD player pockets. *See* 17 U.S.C. §§101, 102(a)(5). A particularly instructive case – *Chosun, Intern., Inc. v. Chrisha Creations, Ltd*., 413 F.3d 324, 328-29 (2nd Cir. 2005) – recognized, "For many years, articles of clothing have been identified as 'useful' items, hence excluded from copyright eligibility. *See, e.g, Fashion Originators Guild v. FTC*, 114 F.2d 80, 84 (2nd Cir. 1940)(L.Hand, J.) (Holding that 'ladies' dresses' are useful articles not covered by the Copyright Act.)..." 413 F.3d at 328. The Court of

7

Appeal then explained:

> But we also have held separable elements in clothing, to the extent that they exist, may be eligible for copyright protection. Thus, in *Kieselstein-Cord v. Accessories by Pearl, Inc.,* 632 F.2d 989 (2nd Cir. 1980), we concluded that the plaintiff's belt buckle designs were copyrightable. Taken as a whole, the belt undeniably was a 'useful article' which performed the service of preventing one's pants from falling down. The ornate buckle design, however, was conceptually separable from that useful 'belt' function. The design – which did not enhance the belt's ability to hold up one's trousers – could properly be viewed as a sculptural work with independent aesthetic value, and not as an integral element of the belt's functionality. *See id.* at 993. It was, therefore, copyrightable. *Id.* And, in subsequent cases, we have reaffirmed the principle that separable elements of useful articles are protected by the Copyright Act. *See Brandir v. Cascade Pacific Lumber,* 834 F.2d 1142, 1145 (2nd Cir. 1987) (establishing the test for conceptual separability); *Carol Barnhart v. Economy Cover Corporation,* 773 F.2d 411, 418 (2nd Cir.1985) (noting that physically or conceptually separable design elements are copyright-eligible).
>
> Accordingly, design elements that can be 'conceptualized as existing independently of their utilitarian function,' *Carol Barnhart*, 773 F.2d at 418, are eligible for copyright protection. And we have noted that, while design elements that 'reflect a merger of aesthetic and functional considerations ... cannot be said to be conceptually separable from the utilitarian elements,' *Brandir,* 834 F.2d at 1145, 'where design elements can be identified as reflecting the designer's artistic judgment exercised *independently* of functional influences, conceptual separability exists.' *Id*. (emphasis added). *See also id.* at 1147 (clarifying that, when a design element is 'influenced *in significant measure* by utilitarian concerns,' the design is not conceptually separable from the underlying article) (emphasis added). In all this we have not doubted that when a component of a useful article can actually be removed from the original item and separately sold, without adversely impacting the article's functionality, that physically separable design element may be copyrighted.

*Chosun Intern.,* 413 F.3d at 328-29.

With this distinction in mind, it is necessary to ask: what could be more useful on a pair of pant or shorts than its pockets, whether the purpose is to hold cell phones, CD players, or loose change? Perhaps beltloops. Perhaps a zipper or buttons. Regardless,

8

Johnson's cell phone pocket and CD pocket constituted useful articles, not subject to copyright protection. *See id*. at 328-29; *cf. Galiano v. Harrah's Operating Co, Inc*., 2004 WL 1057552 at *5 (E.D. La. May 10, 2004)("Clothing designs are not copyrightable."), *affirmed in part, vacated in part*, *Galiano v. Harrah's Operating Co, Inc.,* 416 F.3d 411, 422 (5th Cir. 2005)(designer of casino uniforms did not show uniforms constituted "pictorial, graphic, or sculptural works" because she made no showing they were marketable independently of their utilitarian function as uniforms). Johnson's Complaint alleges no fact indicating that his cell phone pocket or CD pocket contained ornamental or other design elements reflecting Johnson's artistic judgment independent from the pocket's function of holding a cell phone or CD player. *See* Doc. #2 at 6-8. Instead, the Complaint emphasizes the utilitarian nature of his cell phone pocket and CD player pocket. He explains that the pockets have a "closure" and are "located on the hip for clothing and top thigh area and middle thigh area with two pockets on each side for men and women." (Doc. #2 at 6). He similarly describes prototypes he sent to individuals or companies – not in terms of artistic design but – in functional components, such as a "hook and loop tape and snap button closure." (Doc. #2 at 7). He further notes that the pocket was "for hand held games as well." *Id*. Consequently, accepting all Johnson's factual allegations as true, the Complaint describes cell phone pockets or CD player pockets that constitute useful articles, not subject to copyright protection. *See Chosun Intern.,* 413 F.3d at 328-29; *see also Galiano,* 416 F.3d at 42.

Turning to Defendants' clothes, the Complaint only alleges that Defendants sold clothing with cell phone or CD pockets. The Complaint does not describe Defendants' pockets or raise any factual allegation tending to show that Defendants' cell phone or CD player pockets contained any ornamental or other design element, let alone one similar to Plaintiff's. *See* Doc. #2 at 6-8. Absent such allegations, the Complaint does not provide facts sufficient to state a plausible claim that Defendants' clothing violated Plaintiff's copyright. *See Iqbal*, __U.S. at __, 129 S.Ct. at 1949 (complaint must allege more than a

sheer possibility that the defendant's conduct was unlawful. "Where a complaint pleads facts that are 'merely inconsistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting in part *Twombly* 127 S.Ct. 1955)).

Accordingly, Defendants' challenges to Johnson's copyright claim are well taken.

### C. <u>Patent Infringement</u>

Defendants contend that Johnson's Complaint must be dismissed because he fails to identify the patent rights he owns and intends to assert against Defendants and further fails to provide more than mere legal conclusions with respect to infringement.

Although the Complaint fails to identify Johnson's patent by its number, public records of the U.S. Patent and Trademark Office (PTO) contain a Design Patent, US D516,802 S, for a COMBINED CELL PONE AND CD PLAYER POUCH issued to Plaintiff as inventor. (Doc. #34, True's Declr., Exh. D). The Design Patent was issued on March 14, 2006. The Patent's claim states, in full, "I claim the ornamental design for a combined cell phone and CD player pouch, as shown and described." *Id*. at 1.

Assuming, in Johnson's favor, that the Complaint asserts a design patent infringement claim based on Defendants' clothing with cell phone pockets or CD player pockets, Defendants correctly point out that Johnson's Design Patent covers only surface ornamentation and configuration, not functionality. "Design patents do not and cannot include claims to the structural or functional aspects of the article." *Robert W. Lee v. Dayton-Hudson Corporation*, 838 F.2d 1186, 1188 (Fed. Cir. 1988). "[A] design patent is not a substitute for a utility patent. A device that copies the utilitarian or functional features of a patented design is not an infringement unless the ornamental aspects are also copied, such that the overall resemblance is such to deceive." *Id*. at 1889 (citation omitted).

Johnson's Complaint does not raise any factual allegation concerning the ornamental nature of his cell phone pocket or CD player pocket or the ornamental nature

10

of the allegedly infringing pockets on Defendants' clothes. He merely identifies the cell phone and CD player pockets and describes their general locations and the closure flap or device. The Complaint vaguely alleges that Plaintiff has seen some of Defendants' clothes with cell phone or CD player pockets. In this matter, the Complaint only raises vague and conclusory allegations that at most indicate the mere possibility that some of Defendants' clothing lines might infringe his design pattern. Without more specific descriptions of his patented design or ornamentation and without a more specific description of Defendants' clothing lines or how Defendants' clothing infringe Johnson's Design Patent, the Complaint fails to raise a plausible claim of design patent infringement. *See Iqbal*, __U.S. at __, 129 S.Ct. at 1949 (complaint must allege more than a sheer possibility that the defendant's conduct was unlawful. "Where a complaint pleads facts that are 'merely inconsistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting in part *Twombly* 127 S.Ct. 1955)).

PTO records also contain Johnson's application for a utility patent, US 2008/0222781 A1, for a DUAL HIP CELL PHONE POCKET AND CD PLAYER POCKET. (Doc. #34, True's Declr., Exh. E). Johnson does not allege in his Complaint that his utility patent application has been granted or that he is the owner or holder of a utility patent concerning his cell phone or CD player pockets. *See* Doc. #2 at 6-8. "Patent rights are created only upon the formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance." *GAF Bldg. Materials Corp. v Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996). To the extent, then, that Johnson's Complaint seeks to raise an infringement claim based on a utility patent, it raises only non-justiciable hypothetical questions. *See id*. at 482-83.

Accordingly, Defendants' challenges to Johnson's claims of patent infringement are well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants Columbia Sportswear, Inc.; Sean John Clothing, Inc.; Target Corporation, Iconix Brands, Inc.; Phillips-Van Heusen Corporation; and Bon-Ton Stores, Inc.'s Motion to Dismiss (Doc. #34) be GRANTED, and Defendants' Motion in the Alternative for a More Definite Statement (Doc. #34) be DENIED as moot.

August 5, 2009

                                                                  s/Sharon L. Ovington
                                                                     Sharon L. Ovington
                                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).